No. 15,923.

MILL CITY CORPORATION ET AL. *v.* SIMONSON ET AL.

(190 P. [2d] 119)

Decided February 9, 1948.    Rehearing denied March 1, 1948.

Mr. CLARENCE O. MOORE, Mr. A. D. QUAINTANCE, for plaintiffs in error.

Mr. WILLIAM H. SCOFIELD, for defendant in error Simonson.

MR. JUSTICE STONE delivered the opinion of the court.

WHILE the contracts and other matters concerned in this proceeding are voluminous and complicated, the facts necessary to understand the issue here involved are few.

Simonson held a contract from one Barnett for purchase of the Clear Creek Consolidated Mill, which con-

sisted of several parcels of real estate and many items of machinery, equipment, and personal property specifically itemized in the contract. In consideration of certain payments promised to be made, Simonson executed agreement to assign to Mill City Corporation his interest in his contract to purchase the mill, and Specht as majority stockholder of Mill City Corporation joined in the agreement and further covenanted to hold and vote his stock so as to protect Simonson's rights thereunder.

Default having been made by Mill City Corporation under its contract, Simonson made a new assignment of his interest in the mill to defendant Parker. Thereupon Mill City Corporation and Specht as plaintiffs brought suit upon their assignment to restrain interference with their possession and for damages alleged to have resulted from the attempted assignment to Parker. In his answer, Simonson set out his contract from Barnett, including the itemized description of the property constituting the mill, together with his assignment agreement, and alleged the default of Mill City Corporation and Specht in making payments as provided by the assignment to them, his notice of forfeiture thereunder, and their refusal to yield possession of the property, with prayer for decree quieting title as against Mill City Corporation and Specht.

After pre-trial conference further defining the issues, the matter came on for trial; findings were made in favor of defendant Simonson, and judgment and decree were entered quieting his title to the property against Mill City Corporation and Specht. The property was again itemized and fully described in the decree.

Thereafter writ of execution was issued, followed by order and citation of Mill City Corporation and Specht for contempt in violating the provision' of the decree enjoining against interference by them with the property decreed to Simonson. Two days after the return day of the citation plaintiff Specht filed motion to cor-

rect and modify the decree by eliminating therefrom a certain parcel of land and blacksmith shop and warehouse buildings with their contents, on the ground that said parcel, buildings and personalty had formerly belonged to one Grimes, that Specht had acquired title by virtue of certain quitclaim deed and bill of sale from him, and that neither defendant nor his predecessors subsequent to Grimes had any title or interest therein. The allegations of this motion were denied by answer pleading wherein it is alleged that the property conveyed and sold by deed and bill of sale from Grimes to Specht was not the property now claimed by him as having been decreed to Simonson, but was other property not included in the decree. In fact, the quitclaim deed from Grimes relied on by Specht did not include, but explicitly excluded, the parcel of ground as claimed by him, and from the property described in the decree there were specificly excepted "the blacksmith shop and all its contents; the warehouse and all its contents." It was undisputed that Specht was already in possession of a blacksmith shop and warehouse and that his present claim was to certain other buildings in addition thereto.

With consent of counsel the trial judge visited the premises in company with Specht, inspected the old property plats, and thereafter denied the motion to modify the decree. The matter comes here on challenge to such order of denial.

██ Plaintiffs brought this action claiming under the contract from Simonson. The defendants by cross complaint sought to quiet title against plaintiffs to the property and set out itemized and specific description in his cross complaint. Specht, having failed to set up any other claim to the property than by contract from defendant either in his pleadings or by evidence at the trial, was required to make clear and convincing showing to justify reopening the case to permit him to set up a new chain of title inconsistent with that which he had pleaded and relied on in the suit. The documents

relied on and matters recited in the motion do not clearly and convincingly support the motion.

Accordingly, the action of the trial court is affirmed.