No. 15,983.

Mill City Corporation et al. v. Simonson.
(190 P. [2d] 120)

Decided February 9, 1948.   Rehearing denied March 1, 1948.

Mr. A. D. Quaintance, for plaintiffs in error.

Mr. William H. Scofield, for defendant in error.

Mr. Justice Stone delivered the opinion of the court.

This case stems from the same contracts as *Mill City Corporation and A. R. Specht v. W. W. Simonson and F. J. Parker*, 117 Colo. 517. Simonson held contract from

one Barnett for purchase of the Clear Creek Consolidated Mill, upon which he had made an advance principal payment of $2,000.00. He made written agreement with Mill City Corporation and Specht to assign to them such contract of purchase. In his contract of assignment to them he agreed to advance not to exceed the sum of $2,300.00 to be used in the purchase of materials and supplies and payment of labor and for rehabilitation of the mill and of Specht's mine adjacent to the mill property, and in connection with which the mill was intended to be used. Simonson, plaintiff below, in his complaint sets out the agreement of assignment, alleges the advancement of the full sum of $2,300.00 as provided for therein, and prays for judgment against Mill City Corporation and Specht for the sum so advanced and that it be made a lien upon certain property covered by the contract of assignment or acquired by defendants for their use in connection with the mill. After trial at which no evidence was offered in behalf of defendants, personal judgment was entered against defendants for the amount prayed and lien was ordered as sought by plaintiff. The one question here requiring consideration is the sufficiency of the complaint to justify the judgment or any relief.

Plaintiff's claim is based solely on his contract of assignment to defendants; no other promise of repayment is alleged except as provided therein. Under the terms of the assignment the sum of $2,300.00 to be advanced was to enjoy the same lien rights as the sum of $2,000.00 advance payment which Simonson had already made on the contract, to wit: a lien upon all property described in the contract, all property purchased with the money so advanced, and all property acquired to be used on the mine or mill. The contract further provides for repayment to plaintiff of said sums of $2,300.00 and $2,000.00 together with certain bonus and other cash payments which constituted the consideration for the assignment, but it includes the additional provision as to such repay-

ment: "It is particularly agreed that the repayment of moneys as set forth in the foregoing paragraphs will be made by the first parties by setting aside and paying to second party regularly each and every calendar month hereinafter a sum which will be equal to ten per cent of the gross receipts from sale of company stock, and also in addition thereto a sum which will be equal to fifteen cents per ton for each and every ton of ore run through the said mill, after it is put into operation and under the control of first parties." Thus the $2,300.00 was included in the same category as the other items constituting consideration for the assignment, and it is apparent that it was considered by the parties as in the nature of money advanced by vendor for rehabilitation of the property being sold, the amount of which was to be added to its purchase price. The contract upon which plaintiff relies contains no provision for payment by defendants except through the means and by the method hereinabove quoted, to wit: by setting aside a percentage of the gross sales of company stock and an agreed sum for each ton of ore run through the mill. There is no allegation in the complaint of default by defendants therein or that a single share of stock was sold or a single ton of ore run through the mill. Accordingly no default in repayment on the part of defendants appears from the complaint.

It is alleged in the complaint that defendants failed to make payments to Barnett as provided in the contract, and that plaintiff thereupon elected to forfeit the rights of defendants under the terms of their contract, and that in a subsequent action the district court of Clear Creek county held the contract of assignment forfeited, and quieted plaintiff's title to the property agreed by said contract to be assigned against all claims of defendants.

■■ ■■ Under the terms of the contract upon which plaintiff must rely, he was confined to election: (1) to wait for repayment until the same might be forthcom-

ing from stock sales or the milling of ore, or (2) to exercise his option, which is specifically granted in the assignment in case of default, to take possession of the mine and mill and operate them himself until thereby he could be repaid, or (3) to foreclose the lien which was provided for the $2,300.00 here involved and the $2,000.00 he had theretofore advanced, or (4) to forfeit the contract. Plaintiff chose the fourth remedy—that of forfeiture. Thereby he put an end to the contract. Being forfeited for one purpose, it was forfeited for all purposes, and the complaint herein being based solely on the forfeited contract must fail by virtue of the forfeiture, both as to the personal judgment and the lien awarded by the court below.

Accordingly, the judgment must be reversed and the case remanded with instructions to dismiss.